UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW HOPKINS,

                Plaintiff,

v.

WASHINGTON STATE SPECIAL COMMITMENT CENTER CHIEF MEDICAL DIRECTOR, DR. LESLIE SZIEBERT, et al.,

                Defendants.

CASE NO. C15-5554 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 30), and Plaintiff Matthew Hopkins's ("Hopkins") objections to the R&R (Dkt. 32).

On August 17, 2015, Hopkins filed a 42 U.S.C. § 1983 complaint against Defendants Leslie Sziebert and Galina Dixon (collectively "Defendants"). Dkt. 6 ("Comp."). Hopkins is a civilly-committed detainee at the Washington State Special Commitment Center ("SCC"). *Id.* ¶¶ 3.1, 8.2. Hopkins alleges Defendants denied him

ORDER - 1

adequate medical care in violation of his Eighth and Fourteenth Amendment rights. *Id.* ¶¶ 6.2–8.6.

On January 28, 2016, Galina Dixon ("Dixon") moved to dismiss the claims against her, arguing Hopkins had failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 23. On April 19, 2016, Judge Christel recommending granting Dixon's motion because Hopkins failed to allege facts showing that Dixon personally participated in a violation of Hopkins's constitutional rights or that Dixon's conduct violated the Fourteenth Amendment. Dkt. 30 at 12–14. Judge Christel also recommended granting Hopkins leave to amend his complaint. *Id.* at 14. On May 11, 2016, Hopkins filed objections. Dkt. 32. Dixon did not file a response.

The dismissal of claims with leave to amend is a non-dispositive matter. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Hopkins's objections are therefore governed by Federal Rule of Civil Procedure 72(a). Under Rule 72(a), the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Hopkins objects to Judge Christel's conclusion that Hopkins failed to allege sufficient facts demonstrating Dixon's personal participation. Dkt. 32 at 2. Judge Christel's finding with respect to personal participation is not clearly erroneous or contrary to law. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). Although Hopkins makes several allegations regarding Dixon's participation in his briefing, Dkt. 32 at 2–3, these allegations were not included in his complaint and

1  therefore should not be considered on a motion to dismiss, *see Lee v. City of Los Angeles*,
2  250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider
3  any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." (internal
4  quotation marks omitted)).  Hopkins, however, will have the opportunity to amend his
5  complaint to include these allegations and to cure the additional deficiencies highlighted
6  in the R&R.

   Therefore, the Court having considered the R&R, Hopkins's objections, and the
   remaining record, does hereby find and order as follows:

   (1)   The R&R is **ADOPTED**; and

   (2)   This case is **RE-REFERRED** for further proceedings.

   Dated this 17th day of June, 2016.

   _____
   BENJAMIN H. SETTLE
   United States District Judge