UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MATTHEW HOPKINS,

          Plaintiff,

v.

LESLIE SZIEBERT,

          Defendant.

CASE NO. C15-5554 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. 89), and Plaintiff Matthew Hopkins's ("Hopkins") objections to the R&R (Dkt. 90).

On February 23, 2018, Judge Christel issued the R&R recommending that the Court grant Defendant Leslie Sziebert's ("Sziebert") motion for summary judgment on Hopkins's federal claims and decline the exercise of supplemental jurisdiction on Hopkins's state law claims. Dkt. 89. On March 15, 2018, Hopkins filed objections. Dkt. 90.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Hopkins's objections are based on a misunderstanding of supervisory liability. Judge Christel concluded that the Court should grant Sziebert's motion on Hopkins's § 1983 claims because Hopkins had failed to establish any basis for liability against Sziebert as the supervisor of the institution's medical staff. Dkt. 89 at 4–8. Under binding precedent, Hopkins must establish that Sziebert either personally participated in the constitutional violations or knew of the violations and failed to act to prevent them. *Id*. Hopkins objects to this conclusion arguing that Sziebert must be responsible for the "acts and omission of other employees acting within the scope of their employment." Dkt. 90 at 7. This argument, however, confuses responsibility of an individual acting as a supervisor of employees with liability of a supervisor under § 1983. Hopkins is correct that, in some areas of the law, a supervisor is responsible for the actions of his or her employees. Under § 1983, however, the scope of a supervisor's liability is limited such that a plaintiff must establish personal participation to some extent. *See*, *e.g.*, *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) ("supervisory officials are not liable for actions of subordinates on any theory of vicarious liability."). Therefore, Hopkins's objections on this issue are misplaced.

Under the correct theory of law, Hopkins has failed to show any error in the R&R because he has failed to establish Sziebert's personal participation. Therefore, the Court having considered the R&R, Hopkins's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Sziebert's motion for summary judgment is **GRANTED** on Hopkins's federal claims;

(3) The Court declines to exercise supplemental jurisdiction over Hopkins's state law claims;

(4) Hopkins's *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(5) The Clerk shall enter **JUDGMENT** for defendant and close this case.

Dated this 23rd day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge